IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES BERNARD ROBINSON, JR.,
    Plaintiff,

vs.                                          Case No.: 3:14cv223/LAC/EMT

WALTER L. GIELOW, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on Plaintiff's Third Amended Complaint filed pursuant to 42 U.S.C. § 1983 (doc. 34). Leave to proceed in forma pauperis has been granted (doc. 5).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N. D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that one of Plaintiff's claims should be dismissed.

I.    BACKGROUND

    Plaintiff is an inmate of the Florida Department of Corrections ("FDOC"). His complaint concerns events that occurred in July of 2011, when he was housed at Santa Rosa Correctional Institution ("SRCI"). He names as Defendants three prison officials who were employed at SRCI at that time: Lieutenant Walter Gielow, Sergeant K. Grant, and Officer Marshall Barfield (doc. 34 at 1–2). Plaintiff alleges at that time, he was an inmate with an "S-3 grade," meaning, he has a moderate impairment in adaptive functioning due to an "Axis I disorder" or a personality disorder

(*id.* at 25).[1] He alleges his custody/housing classification at that time was Close Management I ("CMI").[2] Plaintiff alleges he declared a "mental health (psychological) emergency" to Sergeant Grant and Officer Barfield at approximately 11:00 p.m., 11:30 p.m., 12:00 a.m., 12:30 a.m., 1:00 a.m., and 1:35 a.m. on July 13, 2011, (*see id.* at 8, 12, 23–25). He alleges Grant and Barfield ignored his pleas for help and failed to notify the Chief in Command so that mental health staff could report to the dormitory and evaluate him (*id.*). Plaintiff alleges at approximately 1:35 a.m., Grant and Barfield opened the flap of his cell door and sprayed multiple cans of pepper spray into his cell (*id.* at 9–11). He alleges he was "never in a recalcitrant nature" to justify the use of pepper spray (*id.* at 9, 23). Plaintiff alleges Lieutenant Gielow witnessed and participated in the use of force (*id.* at 10, 23–24). He alleges he was allowed to shower, and then received a medical examination by Nurse Bryan at approximately 2:00 a.m. (*id.* at 9, 13–15, 24). Plaintiff alleges between the time he was sprayed and the time he showered, he suffered burning skin and difficulty breathing (*id.* at 24). He alleges he declared a mental health emergency to Nurse Bryan, but Nurse Bryan "declined" (*id.* at 24). Plaintiff alleges after the medical examination, he was returned to his cell, which was still contaminated with chemical agents (*id.* at 9, 24). He alleges there were puddles of chemical agents on the bedding, floor, walls, sink, and toilet (*id.*). Plaintiff alleges he suffered vision problems and permanent black spots on his right arm and back due to his exposure to the chemical agents (*id.* at 9). He alleges he also suffered lasting psychological injury, including mental aguish, anxiety, depression, mental and emotional distress, and nightmares (*id.* at 9, 24–25).

Plaintiff alleges after the use of force, he was charged with a disciplinary infraction (tampering with a safety device) (doc. 34 at 10, 24). He alleges Defendant Gielow authorized the disciplinary report and also served as a member of the disciplinary team, which denied him the right to an impartial disciplinary hearing (*id.* at 10–12, 25–26). Plaintiff alleges he was found guilty of

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those that Plaintiff may have assigned.

[2] Close Management is the confinement of an inmate apart from the general population, for reasons of security or the order and effective management of the institution, where the inmate, through his behavior, has demonstrated an inability to live in the general population without abusing the rights and privileges of others. *See* Fla. Admin. Code r. 33-601-800(1)(d). There are three individual levels associated with Close Management, CMI, CMII, and CMIII, with CMI being the most restrictive single cell housing level. Fla. Admin. Code r. 33-601-800(1)(e).

the infraction and sentenced to sixty days in confinement and the loss of all privileges, including "audio and video privileges" (*id.* at 10, 26). He alleges the disciplinary decision was later overturned on the ground that Gielow improperly served on the disciplinary team when he witnessed the incident and approved the disciplinary charge (*id.* at 16–22, 26).

Plaintiff claims that Defendants violated the Eighth Amendment by failing to provide him access to mental health treatment when he declared psychological emergencies, and using excessive force on him (doc. 34 at 11–12). Additionally, he claims that Defendant Gielow violated his due process rights by depriving him of an impartial disciplinary hearing (*id.* at 11–12). Plaintiff seeks nominal and punitive damages against all Defendants (*id.* at 11). He also requests an injunction requiring the FDOC to audio record all disciplinary hearings (*id.*).

## II.   ANALYSIS

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief

"where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted).  And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted).  Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.  Finally, in civil rights cases, "[m]ore than mere conclusory notice pleading is required . . . .  A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory."  Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation marks and alteration omitted).

In the instant case, Plaintiff's allegations fail to state a plausible due process claim against Lieutenant Gielow.  In Sandin v. Conner, 515 U.S. 472, 478, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the Supreme Court recognized only two instances in which a prisoner may claim a constitutionally protected liberty interest which implicates constitutional due process concerns: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Without either the loss of gain-time credits or "atypical" confinement, the Due Process Clause itself affords no protected liberty interest that invokes procedural protections.  Sandin, 515 U.S. at 487.

Here, Plaintiff lost no gain-time, and his only punishment for the disciplinary infraction was sixty days in confinement and the loss of all privileges, including "audio and video privileges." However, Plaintiff was already on CMI status, which is the most restrictive single cell housing level.  According to FDOC policy, the most privileges Plaintiff was entitled to receive on CMI status were the following:  (1) participation in available approved programs, including in-cell education

opportunities, that he could perform within the cell; (2) three soft-back books from the library at least once per week; (3) routine inmate bank transactions; (4) one periodical which is printed and distributed more frequently than weekly, and four other periodicals which are printed and distributed weekly or less frequently than weekly; (5) one telephone call every thirty days; and (6) one two-hour non-contact personal visit every thirty days.  *See* Fla. Admin. Code r. 33-601.800(11)(b).

Plaintiff's placement in confinement and loss of privileges for a period of sixty days did not impose an atypical and significant hardship on him in relation to the ordinary incidents of his prison life.  *See, e.g.*, Sandin, 515 U.S. at 486 (holding that thirty-day placement in disciplinary confinement was not atypical or significant enough to trigger due process protection); Rogers v. Singletary, 142 F.3d 1252 (11th Cir. 1998) (finding that inmate failed to show deprivation of a protected liberty interest where the inmate was in segregated confinement for two months); *see also, e.g.*, Smith v. Reg'l Dir. Fla. Dep't. of Corr., 368 F. App'x 9, 13 (11th Cir. 2010) (unpublished) (finding that inmate failed to state a claim for a due process violation where he was subjected to confinements of fifteen and thirty days in disciplinary confinement); Al–Amin v. Donald, 165 F. App'x 733 (11th Cir. 2006) (unpublished) (inmate's original placement in administrative segregation for six months and reassignment six months later for continued confinement in administrative segregation did not unexpectedly exceed his sentence in a manner that would evoke the protections the Due Process Clause); Myers v. Florida, No. 5:12cv259/RS/EMT, 2014 WL 68067, at *2–3 (N.D. Fla. Jan. 8, 2014) (unpublished) (concluding that plaintiff's placement in administrative confinement for fifty days did not implicate due process protections); Perez v. Humphries, No. 1:11cv180/RS/GRJ, 2011 WL 6960817, at *3 (N.D. Fla. Dec. 6, 2011) (unpublished) (concluding that plaintiff's placement in disciplinary confinement for sixty days did not implicate a liberty interest protected by procedural due process), *Report and Recommendation Adopted by*, 2012 WL 32566 (N.D. Fla. Jan. 6, 2012); Skinner v. Cunningham, 430 F.3d 483, 487 (1st Cir. 2005) (liberty interest was not implicated because, among other reasons, the duration of the plaintiff's (approximate) six-week segregation, without a hearing, "was not excessive"); Lekas v. Briley, 405 F.3d 602, 612 (7th Cir. 2005) (ninety-day disciplinary segregation with severe restrictions on exercise, group worship, work, and educational opportunities not atypical or significant); Sealey v.

Case No.:  3:14cv223/LAC/EMT

Giltner, 197 F.3d 578, 587–89 (2d Cir. 1999) (finding no implicated liberty interest in being placed in administrative segregation for an aggregate interval that reached 101 days); Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997) (no liberty interest implicated as to six (6) months of administrative segregation); Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996) (absent extraordinary circumstances, inmate's placement and continued confinement in "administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim"); Rimmer-Bey v. Brown, 62 F.3d 789, 791 (6th Cir. 1995) (inmate's placement in administrative segregation after thirty days of punitive detention was not an atypical and significant hardship). Therefore, the Due Process Clause affords no protected liberty interest that invokes procedural protections with regard to his disciplinary conviction.

III.   CONCLUSION

Plaintiff's factual allegations fail to state a plausible due process claim against Lieutenant Gielow. Therefore, this claim, and Plaintiff's related request for injunctive relief, should be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B). At this stage of the litigation, Plaintiff's allegations underlying his Eighth Amendment claims of excessive force and deliberate indifference to his serious mental health needs are sufficient to proceed with service of process on Lieutenant Gielow, Officer Barfield, and Sergeant Grant. Therefore, upon the district court's ruling on this Report and Recommendation, the matter should be referred to the undersigned for further proceedings on Plaintiff's Eighth Amendment claims against those Defendants.

Accordingly, it is respectfully **RECOMMENDED**:

1.   That Plaintiff's due process claim against Defendant Gielow, and related request for injunctive relief, be **DISMISSED with prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.   That the clerk be directed to modify the docket to reflect that Lieutenant Walter L. Gielow, Officer Marshall L. Barfield, and Sergeant K. Grant are the only Defendants in this action.

3.   That this matter be referred to the undersigned for further proceedings on Plaintiff's Eighth Amendment claims against Defendants Gielow, Barfield, and Grant.

At Pensacola, Florida this 26th day of February 2015.


                              */s/ Elizabeth M. Timothy*
                              **ELIZABETH M. TIMOTHY**
                              **CHIEF UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.:  3:14cv223/LAC/EMT