IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES BERNARD ROBINSON, JR.,
    Plaintiff,

vs.                                         Case No.:  3:14cv223/LAC/EMT

WALTER L. GIELOW, et al.,
    Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

        Plaintiff has filed three requests for preliminary injunction (*see* docs. 36, 40, 49). In his first request, titled "Injunction Hearing" (doc. 36), he requests that the court require Defendants Gielow, Barfield, and Grant to preserve all documents and video recordings relating to Defendants' use of chemical agents on him on July 13, 2011 (doc. 36). In his second request, titled "Notice of Intent for Immediate Transfer," Plaintiff "demands" that the court require Defendants to transfer him from Santa Rosa Correctional Institution ("Santa Rosa C.I.") to Jefferson C.I. or Tomoka C.I. (doc. 40). Plaintiff asserts that his health and safety are at risk from being housed at Santa Rosa C.I., because he filed two civil rights lawsuits against prison officials at that institution (*id.*). In Plaintiff's third request, titled "Notice to the Courts," Plaintiff again requests that he be transferred from Santa Rosa C.I., because he fears prison officials will retaliate against him (by applying chemical agents, falsely charging him with disciplinary infractions, and destroying his legal mail) for filing civil rights complaints against them (doc. 49).

        Defendants have responded in opposition to Plaintiff's requests (doc. 57). Defendants contend Plaintiff's requests to be transferred from Santa Rosa C.I. are moot, because he was transferred to Suwannee C.I. on June 9, 2015 (*see id.*). With regard to Plaintiff's request for preservation of evidence, Defendants argue there is no evidence that any relevant evidence has been or will be intentionally destroyed by a party in this case (*id.*). Further, Defendants' counsel states that upon being assigned this case, he "ordered all evidence known to have relevance to this case";

thus, efforts to preserve known and relevant evidence that currently exists have already been undertaken (*id.*). Defendants additionally contend that it is not the responsibility of the named Defendants, who are "front line level security staff," to preserve the business records of their employer, the Florida Department of Corrections; thus, Plaintiff is seeking relief from the wrong entity (*id.*). Defendants argue that if Plaintiff has a good faith basis to believe spoliation of evidence has occurred, he may file a claim "against the appropriate party in the appropriate forum" (*id.*).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *See* Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See* Carillon Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). The district court, however, must exercise its discretion in light of whether:

1. There is a substantial likelihood that Plaintiff will prevail on the merits;

2. There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to Plaintiff outweighs the threatened harm an injunction will do to the defendant; and

4. The granting of the preliminary injunction will not disserve the public interest.

*See* CBS Broad., Inc. v. Echostar Communc'n Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted; Carillon Imp., Ltd., 112 F.3d at 1126. "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." CBS Broad., Inc., 265 F.3d at 1200 (citation omitted). Because the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed, the relief sought in the motion must be closely related to the conduct complained of in the actual complaint. Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See* In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab., 72 F.3d 842, 842–43 (11th Cir. 1995).

The undersigned agrees with Defendants that Plaintiff's transfer from Santa Rosa C.I. to another institution has rendered two of his requests for preliminary injunctive relief moot. At the time Plaintiff filed his complaint and requests for transfer, he was housed at Santa Rosa C.I.; however, he has since been transferred to Suwannee C.I. (*see* doc. 57). *See* http://www.dc.state.fl.us (follow "Offender Search" hyperlink; then follow "Inmate Population Information Search" hyperlink; then search DC Number E02878) (information last updated June 11, 2015)). Because Plaintiff is no longer confined at Santa Rosa C.I., an order from this court requiring Defendants to transfer him from that institution could not have any effect on him. Furthermore, since there appears no reason to believe that Plaintiff will again be housed at Santa Rosa C.I. under the same circumstances, the narrow exception for cases that are capable of repetition yet evading review does not apply. *See* Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. (2007) ("The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief."); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred); McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir. 1984) (inmate's transfer to a different jail moots claim for declaratory and injunctive relief); Dudley v. Stewart, 724 F.2d 1493, 1494 (11th Cir. 1984) (transfer from county jail to state prison mooted claims for injunctive and declaratory relief against county jailers). Therefore, Plaintiff's requests for transfer should be denied.

The court will next address Plaintiff's request for an order requiring Defendants to preserve all documents and video recordings concerning the use of chemical agents on him by Defendants on July 13, 2011. "Federal courts have the implied or inherent power to issue preservation orders as part of their general authority 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1071 (C.D. Cal. 2009) (quoting Pueblo of Laguna v. United States, 60 Fed. Cl. 133, 135–36 (2004)). Courts have articulated different tests for determining entitlement to a preservation order. The Court of Claims has adopted a streamlined two-prong standard that "requires that one seeking a preservation order demonstrate that it is necessary and not unduly burdensome." Pueblo, 60 Fed. Cl. at 138. The Court of Claims has explained this standard, stating:

> To meet the first prong of this test, the proponent ordinarily must show that absent a court order, there is significant risk that relevant evidence will be lost or destroyed—a burden often met by demonstrating that the opposing party has lost or destroyed evidence in the past or has inadequate retention procedures in place.  More than that, the proponent must show that the particular steps to be adopted will be effective, but not overbroad—the court will neither lightly exercise its inherent power to protect evidence nor indulge in an exercise in futility.

*Id.*  Some federal courts have found the streamlined two-prong standard of the Court of Claims to be inadequate, and instead have adopted a "balancing test" which considers the following three factors:

> 1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; 2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and 3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation.

Capricorn Power Co., Inc. v. Siemens Westinghouse Power Corp., 220 F.R.D. 429, 433–34 (W.D. Pa. 2004) (footnote omitted).  "The difference between these two tests lies in what the moving party must show with respect to the content of the evidence that is in danger of being destroyed.  However, the distinction is more apparent than real."  Treppel v. Biovail Corp., 233 F.R.D. 363, 370 (S.D.N.Y. 2006).

Under either standard, Plaintiff fails to make the requisite showing of necessity.  His motion is not premised on any showing that relevant and existing evidence was in danger of being destroyed at the time he filed his motion (on January 12, 2015), or that a current risk of destruction actually exists.  Instead, his motion is premised on his unsupported belief that one of the Defendants will destroy evidence.  Plaintiff has not shown that a preservation order is needed due to any actual risk that documentary or video evidence will be destroyed during the pendency of this action.  Generalized, unsupported concerns simply do not suffice.

Additionally, Defendants are aware of their duty to preserve evidence.  "Once on notice [that evidence is relevant], the obligation to preserve evidence runs first to counsel, who then has a duty to advise and explain to the client its obligations to retain pertinent documents that may be relevant to the litigation."  Telecom International Am. Ltd. v. AT & T Corp., 189 F.R.D. 76, 81 (S.D.N.Y. 1999) (citation omitted).  A preservation order is not required.  *See* Wiginton v. Ellis, No. 02-C-

6832, 2003 WL 22439865 at \*\*4, 5 (N.D. Ill. Oct. 27, 2003) (unpublished). A preservation order only clarifies the parties' particular obligation. *See* Treppel, 233 F.R.D. at 369.

Here, Defendants' counsel states that upon being assigned this case, he "ordered all evidence known to have relevance to this case"; thus, efforts to preserve known, relevant, existent evidence have already been undertaken. Moreover, this court has inherent power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence. *See* Med. Lab. Mgmt. Consultants v. Am. Broad Cos., Inc., 306 F.3d 806, 824 (9th Cir. 2002). The duty to preserve evidence, backed by the court's inherent power to impose sanctions for the destruction of such evidence, is sufficient in most cases to secure the preservation of relevant evidence. *See* Leon v. IDX Sys. Corp., 464 F.3d 951, 959 (9th Cir. 2006). This is especially true where, as here, Plaintiff has made no showing of an actual risk that relevant and existing evidence is in danger of being destroyed or was in danger of being destroyed at the time he filed his motion for preservation. *See, e.g.*, Treppel, 233 F.R.D. at 370–72 (denying motion for preservation order because plaintiff failed to meet burden of demonstrating a significant threat that documents would be destroyed); Wheeler v. Aliceson, No. 1:12-cv-00860-LFO-MJS (PC), 2015 WL 3507369, at \*6 (E.D. Cal. June 3, 2015) (unpublished) (denying inmate's motion to preserve evidence where his motion was not premised on any showing that relevant and existing evidence was in danger of being destroyed, but on his unsupported belief that defendant would destroy evidence); Jumpp v. Anaya, No. 3:13-cv-1228-JBA, 2015 WL 2237516, at \*1 (D. Conn. May 1, 2015) (unpublished) (denying inmate's motion for order preserving evidence because he provided no evidence that the information in question was in danger of being destroyed); Browder v. Haas, No. 3:07cv-P676-S, 2009 WL 1107804, at \*1 (W.D. Ken. Apr. 24, 2009) (unpublished) (denying plaintiff's motion for preservation order where plaintiff had not shown that destruction of the subject discovery was imminent or that defendants' counsel was likely to fail to uphold their civil and professional obligations to ensure that evidence was not destroyed). At this time, Defendants' duty and the court's inherent powers are sufficient to ensure the preservation of documentary and video evidence without further court order.

If Plaintiff learns through the discovery process that documentary and video evidence concerning the use of force on July 13, 2011 exists, and that there is an actual risk it may be destroyed, he may renew his motion for a preservation order. If Plaintiff learns through discovery that documentary and/or video evidence existed when he filed the instant motion, that it was within

the control of Lieutenant Gielow, Sergeant Grant, or Officer Barfield at that time, and that it was destroyed, Plaintiff may seek appropriate remedies, for example, a spoliation sanction.

Accordingly, it is **ORDERED**:

1. The clerk shall modify the docket to reflect that Plaintiff's address of record is Suwannee Correctional Institution, 5964 U.S. Highway 90, Live Oak, Florida, 32060.  The clerk shall also send Plaintiff copies of the orders issued June 9 and 11 (docs. 53, 54, 56) to his new address.

2. Defendants shall re-serve a copy of their Motion to Dismiss (docs. 55) upon Plaintiff at his new address.

And it is respectfully **RECOMMENDED**:

1. That Plaintiff's motions for transfer (docs. 40, 49) be **DENIED as moot**.

2. That Plaintiff motion to preserve evidence (doc. 36) be **DENIED without prejudice**.

At Pensacola, Florida, this 16th day of June 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.**  ***See*** **11th Cir. Rule 3-1; 28 U.S.C. § 636.**