IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES BERNARD ROBINSON, JR.,
    Plaintiff,

vs.                                          Case No.:  3:14cv223/LAC/EMT

WALTER L. GIELOW, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff Charles Bernard Robinson, Jr. ("Robinson"), an inmate of the Florida Department of Corrections ("FDOC"), proceeds pro se and in forma pauperis in this action brought under 42 U.S.C. § 1983.  Robinson sues three FDOC prison officials, Lieutenant Walter Gielow, Sergeant K. Grant, and Officer Marshall Barfield, claiming they violated his Eighth Amendment rights by failing to provide him access to mental health treatment when he declared psychological emergencies, and by using excessive force on him (*see* ECF No. 34).  Presently before the court is Defendants' Second Motion to Dismiss (ECF No. 92).  Defendants seeks dismissal of the complaint pursuant to res judicata (*id.*).  Robinson responded in opposition to the motion (ECF Nos. 98, 100).

I.      BACKGROUND and INTRODUCTION

In the Third Amended Complaint (ECF No. 34), which is the operative pleading, Robinson alleges that he was housed at Santa Rosa Correctional Institution ("SRCI") at the time of the events giving rise to this action (July 12–13, 2011) (*see* ECF No. 34 at 8–10, 23–26).[1]  He alleges at that time, he was an inmate with an "S-3 grade," meaning, he had a moderate impairment in adaptive functioning due to an "Axis I disorder" or a personality disorder (*id.* at 25).  Robinson alleges he declared a "mental health (psychological) emergency" to Defendant Sergeant Grant and Defendant Officer Barfield at approximately 11:00 p.m., 11:30 p.m., 12:00 a.m., 12:30 a.m., 1:00 a.m., and 1:35 a.m. on July 12–13, 2011 (*see id.* at 8, 12, 23–25).  He alleges Grant and Barfield ignored his pleas for help and failed to notify the Chief in Command so that mental health staff could report to the dormitory and evaluate him (*id.*).  Robinson alleges at approximately 1:35 a.m., Grant and Barfield opened the flap of his cell door and sprayed multiple cans of pepper spray into his cell (*id.* at 9–11).  He alleges he was "never in a recalcitrant nature" to justify the use of pepper spray (*id.* at 9, 23).

Robinson alleges Defendant Lieutenant Gielow witnessed and participated in the use of force (ECF No. 34 at 10, 23–24).  He alleges that after the use of force, he

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those that Plaintiff may have assigned.

Case No.: 3:14cv223/LAC/EMT

was charged with a disciplinary infraction (tampering with a safety device), DR Log #119-111600 (*id.* at 10, 24). Robinson alleges he was found guilty of the infraction and sentenced to sixty days in confinement and the loss of all privileges, including "audio and video privileges" (*id.* at 10, 26). He alleges the disciplinary decision was later overturned on the ground that Lieutenant Gielow improperly served on the disciplinary team when he witnessed the incident and approved the disciplinary charge (*id.* at 16–22, 26).

Robinson claims that Defendants violated the Eighth Amendment by failing to provide him access to mental health treatment when he declared psychological emergencies, and by using excessive force on him (ECF No. 34 at 11–12). He also asserts a due process claim against Defendant Gielow arising out of the disciplinary proceedings; however, the court previously dismissed that claim (*see* ECF No. 46). Robinson seeks monetary damages (ECF No. 34 at 11).

Defendants request dismissal of this action because it is barred by the doctrine of res judicata (ECF No. 92). They contend Robinson previously brought a lawsuit in this court on the same operative facts, <u>Robinson v. Tifft, et. al.</u>, Case No. 3:11cv560/LAC/CJK, and the court entered a final judgment on the merits. Defendants contend the final judgment bars the instant lawsuit, which seeks to re-

litigate matters that were already litigated or could have been litigated in the earlier suit.

Robinson opposes the motion to dismiss (ECF No. 98).

II. ANALYSIS

The doctrine of res judicata bars the filing of claims that were raised or could have been raised in an earlier proceeding when:

> (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.

Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).

Robinson concedes that (1) he previously filed Case No. 3:11cv560/LAC/CJK, (2) that the case raised an excessive force claim, and (3) the case was dismissed with prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (ECF No. 98 at 1). However, he alleges that the basis for dismissal was not the merits of his claim; instead, the case was dismissed because he failed to accurately state his litigation history in Section IV of the complaint form (*id.* at 1–2). Robinson also argues that the instant case includes two claims that were not raised in the prior action: (1) Defendants were deliberately indifferent to his mental health needs by ignoring his declared psychological emergencies, and (2) Defendant

Gielow violated Robinson's due process rights by participating in a disciplinary proceeding even though he witnessed the events that gave rise to the proceeding (*id.* at 2).  Additionally, Robinson asserts that he was not represented by counsel in the prior case, even though he requested that the court appoint counsel for him (*see* ECF No. 100).  Robinson contends that for these reasons, the instant complaint is not barred by res judicata.

There is no question that the second and third elements of res judicata are satisfied here:  the decision in the prior case was rendered by a court of competent jurisdiction; and the parties, or those in privity with them, are identical in both suits.  Robinson appears to contends that the remaining elements are not satisfied, i.e., the prior case did not involve the same cause of action as this case (the fourth element), and the decision in the prior case was not a final judgment on the merits (the first element).  Both of Robinson's arguments are without merit.

"The principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case."  Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1503 (11th Cir. 1990) (quotation marks omitted).  In other words, a court "must look at the factual issues to be resolved in [the second lawsuit], and compare them with the issues explored in" the first lawsuit.

S.E.L. Maduro v. M/V Antonio de Gastaneta, 833 F.2d 1477, 1482 (11th Cir. 1987). "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action," then the two cases are really the same. Ragsdale, 193 F.3d at 1239.

To determine whether the instant civil rights case involves the same cause of action as Case No. 3:11cv560/LAC/CJK, the court has reviewed Robinson's pleadings in that case. In Robinson's First Amended Complaint, he included the same factual allegations regarding Defendants' Grant and Barfield's ignoring his declarations of psychological emergencies and spraying him with chemical agents at approximately 1:35 a.m. on July 13, 2011. *See* Robinson v. Tifft, No. 3:11cv560/LAC/CJK First Amended Complaint (N.D. Fla. Jan. 4, 2012). Robinson also alleged that after the use of force, he was charged with a disciplinary infraction (tampering with a safety device), DR Log #119-111600. *See id.* Robinson alleged he filed a grievance with Warden Tifft, but Tifft denied it. *See id.* Robinson alleged he was found guilty of the disciplinary infraction, but the disciplinary decision was later overturned on the ground that his due process rights were violated during the disciplinary proceeding. *See id.* Robinson asserted claims under the Fourth, Eighth, and Fourteenth

Amendments, as well as state law claims. *See id.* He sought monetary damages, a declaratory judgment, and injunctive relief. *See id.*

Robinson subsequently filed a Second Amended Complaint. *See* Robinson, No. 3:11cv560/LAC/CJK, Second Amended Complaint (N.D. Fla. Jan. 9, 2012). He named the same parties, and his factual allegations were the same, but he dropped his state law claims and added a claim under the Americans with Disabilities Act ("ADA"). *See id.*

On June 1, 2012, the assigned magistrate judge issued a report and recommendation recommending dismissal of the case for failure to state a claim upon which relief may be granted, pursuant to § 1915(e)(2)(B)(ii). *See* Robinson, No. 3:11cv560/LAC/CJK, Report and Recommendation (N.D. Fla. June 1, 2012). The magistrate judge accurately set forth the factual allegations of Robinson's Second Amended Complaint. *See id.* The magistrate judge then analyzed Robinson's allegations under the appropriate legal standards, and concluded that his allegations failed to state a plausible claim for relief.[2] *See id.*

---

[2] With regard to Robinson's excessive force claim, the magistrate judge determined that Robinson's allegations failed to state a plausible claim, because the limited use of force was necessary to subdue Robinson. Robinson admitted in his complaint that the officers applied chemical agents after Robinson threatened to "pop" the fire suppression system, and then physically positioned himself to follow through with his threat by standing on his toilet. Robinson omitted these facts from his pleadings in the instant case.

Case No.: 3:14cv223/LAC/EMT

Robinson filed an objection to the report and recommendation. *See* Robinson, No. 3:11cv560/LAC/CJK, Objection (N.D. Fla. June 15, 2012). He also filed a motion to amend and proposed third amended complaint. *See id.*, Proposed [Third] Amended Complaint (N.D. Fla. June 19, 2012). In the proposed amendment, Robinson dropped Warden Tifft as a Defendant, and added the two officers who presided over the disciplinary proceeding, one of whom was Walter L. Gielow. *See id.* Robinson dropped his claims regarding the deprivation of mental health treatment and use of force, and focused solely on the due process claim concerning the disciplinary proceeding. *See id.*

The district judge considered Robinson's objections, as well as the allegations in his proposed third amended complaint. *See* Robinson, No. 3:11cv560/LAC/CJK, Order (N.D. Fla. July 6, 2012). The district judge adopted the report and recommendation and incorporated it by reference in the order. *See id.* The court dismissed the action with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for Robinson's failure to state a claim upon which relief may be granted. *See id.* The court denied Robinson's motion to amend in light of the dismissal. *See id.* The clerk of court entered judgment stating that the action was dismissed with prejudice under

§ 1915(e)(2)(B)(ii). *See id.*, Judgment (N.D. Fla. July 6, 2012). Robinson did not appeal the judgment.

Nearly two years later, Robinson commenced the instant case, initially naming as Defendants the same five Defendants that he included throughout the course of the prior case (ECF No. 1).

The pleadings in both cases seek relief based on the same allegations of mistreatment by Officers Barfield and Grant on July 12–13, 2011, specifically, their ignoring his requests for emergency mental health treatment, and spraying him with chemical agents. Additionally, in both lawsuits Robinson raised allegations regarding the alleged due process violations that occurred during the disciplinary proceeding over which Lieutenant Gielow and another officer presided. The similarities in the factual allegations underlying the two civil rights actions demonstrate that Robinson is essentially seeking to relitigate the same "nucleus of operative fact" that he alleged in his previous civil rights suit. Therefore, this element of the res judicata doctrine is satisfied.

This leaves the final element, whether the decision in the prior case was a final judgment on the merits. The court's order dismissing Robinson's prior case clearly stated:

>   This action is DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

Robinson, No. 3:11cv560/LAC/CJK, Order (N.D. Fla. July 6, 2012). This constitutes a final judgment on the merits for res judicata purposes.  *See* NAACP v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1990) ("unless the court specifies otherwise, dismissal on the grounds that the facts and law show no right to relief operates as an adjudication on the merits" for res judicata purposes); *see also* Hughes v. Lott, 350 F.3d 1157, 1161–62 (11th Cir. 2003) (§ 1915 dismissals with prejudice have a res judicata effect on future in forma pauperis complaints); *see also, e.g.*, Harmon v. Webster, 263 F. App'x 844, 845 (11th Cir. 2008) (unpublished but recognized for persuasive authority) (dismissal of prior complaint for failure to state a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii), constitutes a final judgment on the merits for purposes of res judicata); Harris v. Buss, No. 4:11cv146/RH/GRJ, 2011 WL 5184198, at *5 (N.D. Fla. Sept. 15, 2011) (unpublished), *Report and Recommendation Adopted by* 2011 WL 5166418 (N.D. Fla. Nov. 1, 2011) (dismissal of prior case with prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted, constitutes a final judgment on the merits for purposes of res judicata).

III.  CONCLUSION

The instant case is barred by the doctrine of res judicata. Therefore, Defendants' motion to dismiss should be granted, and this case dismissed as frivolous. *See* Hawley v. Bd. of Regents of the Univ. Sys. of Ga., 203 F. App'x 997, 997 (11th Cir. 2006) (unpublished) (affirming district court's determination that plaintiff's claims were barred by res judicata and thus properly dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *see also* Salter v. Sec'y Dep't of Corrs., No. 3:13cv76/MCR/EMT, 2014 WL 3586536, at *3 (N.D. Fla. July 21, 2014) (unpublished) (dismissing case as barred by res judicata and thus subject to dismissal as frivolous, pursuant to § 1915(e)(2)(B)(i)); McKinney v. Wakulla Cnty. Sheriff Dep't, No. 4:11cv613/WS/WCS, 2012 WL 898613, at *2 (N.D. Fla. Feb. 21, 2012) (unpublished) (dismissing case as barred by res judicata and thus subject to dismissal pursuant to § 1915(e)(2)(B)(i)), *Report and Recommendation Adopted By* 2012 WL 898612 (N.D. Fla. Mar. 15, 2012), *appeal dismissed*, Case No. 12-11659 (11th Cir. Aug. 9, 2012).

Based upon the foregoing, it is respectfully **RECOMMENDED**:

1. That Defendants' motion to dismiss (ECF No. 92) be **GRANTED**.

2. That this case be **DISMISSED with prejudice** as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), because it is barred by the doctrine of res judicata.

3. That the clerk be directed to enter judgment accordingly and close the file.

4. That all pending discovery-related motions be **DENIED as moot**.

At Pensacola, Florida, this 1st day of March 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**